UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA M. CURRY-HAYES,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SOLANO, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-2223-DAD-JDP (PS)<br><br>ORDER |

Bianca M. Curry-Hayes ("plaintiff") brings this section 1983 action against the County of Solano, the City of Fairfield, and members of the Solano Emergency Medical Service and Fairfield Police Department. Her claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

1   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
2   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
3   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
4   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
5   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
6   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
7   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
8   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
9   n.2 (9th Cir. 2006) (en banc) (citations omitted).

10   The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
11   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
12   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
13   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
14   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
15   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
16   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17                                              **Analysis**

18   Plaintiff alleges that on January 11, 2024, she called for emergency medical assistance,
19   and an ambulance from Solano County Emergency Medical responded.  ECF No. 1 at 2.  She
20   claims that, upon arrival, the unidentified crew of the ambulance strapped her to a gurney against
21   her will and began aggressively interrogating her about "irrelevant matters." *Id.*  At some point,
22   plaintiff asked to leave the ambulance and that request was refused by the crew. *Id.* at 2-3.  She
23   claims that one of the male crew members placed his body on top of hers as an additional
24   restraint, at which point she felt his erection against her. *Id.* at 3.  Plaintiff allegedly managed to
25   free herself from both the gurney's restraints and the crew's attempts to physically control her,
26   and she dialed 911.  *Id.*  Officers from the Fairfield Police Department responded and, to her
27   frustration, refused to detain the ambulance crew; instead, they arrested her. *Id.*

28   Plaintiff's allegations leave the reader with several questions:  Why did plaintiff call

emergency medical services; why did the ambulance crew question and attempt to restrain her; and why was she arrested?  Nothing would excuse the alleged sexual assault she suffered, but the omission information makes it difficult to understand and contextualize the bizarre series of events she describes.  Regardless, her claims do not state a cognizable claim against any of the named defendants.  The ambulance crew is unidentified, and, accordingly, no defendant can be served in connection with her alleged restraint and sexual assault.  Separately, plaintiff's claims against the municipal defendants are inadequate because she has not sufficiently alleged that any policy or custom underlay the alleged violations of her rights.  *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978).  Plaintiff apparently recognizes the necessity of doing so, but the "policy" or "custom" identified is insufficient.  Plaintiff alleges that the City of Fairfield has a custom of "taking sides," not listening to citizen complaints, and responding to matters outside their jurisdiction.  ECF No. 1 at 7.  These vague assertions, unsupported by any corroborating, specific allegations, are insufficient.  Moreover, plaintiff has no constitutional right to have criminal charges brought against any individual or entity.  *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  And, as best I can tell, plaintiff has not identified any policy of Solano County that contributed to the alleged violations of her rights.

Plaintiff's claims against the individual defendant police officers are also non-cognizable.  Again, she has no right to have criminal charges brought against anyone.  And her claim that she was wrongfully arrested and denied medical care is too vague to proceed.  She has not stated what reasons were given for her arrest, what specific medical care she required, or how she was injured by the withholding of that care.

The complaint is dismissed with leave to amend.  Plaintiff may file an amended complaint that explains why, if at all, her claims should proceed.  Any amended complaint will entirely supersede the initial one and must be complete in itself.  It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   October 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE