UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BIANCA M. CURRY-HAYES,

Plaintiff,

v.

COUNTY OF SOLANO, *et al.*,

Defendants.

Case No.  2:25-cv-2223-DAD-JDP (PS)

ORDER

Bianca M. Curry-Hayes brings this section 1983 action against Russell Taylor and Richard Mroz, Fairfield Police Officers, and John Doe, an individual employed by Solano County EMS Ambulance.  Her claims, as articulated, are not cognizable.  I will dismiss the amended complaint and give plaintiff a final opportunity to remedy the deficiencies identified below.[1]

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

---

[1] Plaintiff has also filed a motion for leave to amend.  ECF No. 6.  That motion is denied as moot in light of plaintiff's first amended complaint, filed December 12, 2025. *See* ECF No. 7.

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff generally alleges that she was sexually assaulted, humiliated, and falsely imprisoned by the Doe ambulance attendant and City of Fairfield. ECF No. 7 at 5. In an attachment to the complaint, plaintiff also alleges that defendants Taylor and Mroz illegally arrested her for calling 9-1-1 during an emergency. *Id.* at 7. She claims that she believed the officers responded to the emergency to help her, but she was arrested instead, which has caused her trauma and stress. *Id.*

As with plaintiff's previous complaint, the allegations in her amended complaint are too vague to proceed. These limited allegations are insufficient to put defendants on notice of her claims and of the factual basis for them. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts

2

which defendants engaged in that support the plaintiff's claim."). Factual specifics are needed.

The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, her claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "Second Amended Complaint" and be filed within thirty days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, contained in ECF No. 7, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's motion to file an amended complaint, ECF No. 6, is DENIED as moot.

IT IS SO ORDERED.

Dated:    January 14, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3