UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA M. CURRY-HAYES, | Case No.  2:25-cv-2223-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SOLANO, *et al.*, | |
| Defendants. | |

Bianca M. Curry-Hayes alleges that her rights were violated when, on July 11, 2024, she was transported by ambulance due to an unspecified medical emergency.  ECF No. 11 at 8.  She alleges that, during the transport, an unidentified "John Doe" paramedic or ambulance attendant treated her disrespectfully and, when she attempted to refuse care and leave, placed his body atop hers and pressed against her with an erection.  *Id.* at 8-9.  This allegation is sufficient to proceed past screening, but the defendant must be identified before he can be served.  I also find that plaintiff's false arrest claims against defendants Taylor and Mroz are sufficient to proceed past screening.  I will direct plaintiff to submit service documents for these defendants.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As stated above, plaintiff's claims against the John Doe ambulance attendant/paramedic are eligible to proceed. Separately, however, she brings claims against two Fairfield Police officers, Russell Taylor and Richard Mroz, whom she alleges responded to her 911 call after the alleged assault by "Doe." ECF No. 11 at 14. She claims these defendants violated her rights by failing to arrest "Doe" and, instead, arresting and transporting her to the Solano County Jail for dialing 911 without an emergency. *Id.* at 14. This claim for false arrest is cognizable because, as articulated and taken as true, it is impossible to conclude that defendants had probable cause to arrest her. *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) ("The absence

of probable cause is a necessary element of § 1983 false arrest and malicious prosecution claims.").

It no longer appears that plaintiff is asserting any claims against Solano County or the city of Fairfield, but, to the extent she is, such claims fail because she has not alleged that any of the violations of her rights are attributable to any policy, explicit or implicit, of these municipal defendants.

Accordingly, it is hereby ORDERED that:

1. Service is appropriate on defendants Russell Taylor and Richard Mroz.

2. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, two USM-285 forms, a summons form, and an endorsed copy of plaintiff's complaint filed February 17, 2026.  ECF No. 11.

3. Within thirty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process.  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

    a.  One completed summons;

    b.  One completed USM-285 form;

    c.  One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

    d.  One copy of the instant order.

4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5. Within fourteen days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal.  Failure to file the

declaration in a timely manner may result in an order imposing appropriate sanctions.

6.  Within ninety days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

7.  Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

8.  Service will be attempted on the "John Doe" defendant if and when he is identified by plaintiff.

IT IS SO ORDERED.


Dated:    April 6, 2026        _____
                              JEREMY D. PETERSON
                              UNITED STATES MAGISTRATE JUDGE

4